Robert B. Zelms, Arizona Bar No. 18956
  *rbz@manningllp.com*
Debora Verdier, Arizona Bar No. 18676
  *dlv@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
6909 East Greenway Parkway, Suite 200
Scottsdale, Arizona 85254
Telephone: (480) 477-5269
Facsimile: (480) 477-5268

Attorneys for Defendants GunVault, Inc.,
Thomas Loeff, Sharon Loeff,
Aaron Baker and Jalyn Baker

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wintrode Enterprises, Inc. d/b/a Bulldog Cases, a Virginia corporation , <br><br> Plaintiff, <br><br> vs. <br><br> PSTL, L.L.C., an Arizona limited liability company, GunVault, Inc., a California corporation, and Thomas Loeff and Sharon Loeff, husband and wife, and Aaron Baker and Jalyn Baker, husband and wife, <br><br> Defendants | Case No. <br><br> (Formerly in the Superior Court of the State of Arizona, County of Maricopa, Case No. CV2014-006878) <br><br> **NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA, PHOENIX, AND ALL PARTIES IN INTEREST:**

**NOTICE IS HEREBY GIVEN** that pursuant to 28 USC §§1332, 1441, 1446 and 1454, all defendants who have been served in this action join herein and remove the above-captioned action from the Superior Court of Maricopa County, Arizona, in which it is

1

currently pending to the United States District Court for the District of Arizona, and states as follows:

1. On April 14, 2014, Plaintiff Wintrode Enterprises Inc. d/b/a Bulldog Cases ("Wintrode"), commenced an action in the Superior Court of the State of Arizona, the County of Maricopa, entitled *Wintrode Enterprises Inc. d/b/a Bulldog Cases, a Virginia corporation, vs. PSTL, L.L.C., an Arizona limited liability company, GunVault, Inc., a California corporation, and Thomas Loeff and Sharon Loeff, husband and wife, and Aaron Baker and Jalyn Baker, husband and wife*, Case No. CV2014-006878 ("State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), true and correct copies of the pleadings served on the served defendants and accompanying exhibits filed in the State Court Action this action are attached hereto as Exhibit 1 (Complaint and Exhibits) and Exhibit 2 (Summonses).

3. Defendant GunVault, Inc., and the Loeff and Baker Defendants were served on or after May 1, 2014. Defendant PSTL, L.L.C. has not been served. All of the other defendants in the State Court Action have been served or otherwise joined in the case.

## BASIS FOR REMOVAL TO FEDERAL COURT

4. This State Court Action is removable under 28 U.S.C. Section 1332(a)(1) and may be removed under 28 U.S.C. Section 1441.

5. The above entitled action is a civil suit for damages and arises under United States Patent Laws, including 35 U.S.C. §285 and 28 U.S.C. §1338(a) and (b), which are within the exclusive jurisdiction of the federal Court, pursuant to 28 U.S.C. §1454.

6. Defendant GunVault, Inc. has sued Plaintiff in a separate litigation currently pending in the United States District Court, Central District of California, Case No. 5:12-cv-01459-JAK-RZ ("Patent Infringement Action") over a single patent referred to in the State Court Action as the "'337 Patent". The nature of the suit is one for patent infringement.

7. In the State Court Action, in support of its claim of "unfair competition," Wintrode alleges that "it does not infringe" the '337 Patent. (Ex. A, Complaint, ¶90.)

8. The issue of patent infringement is within the exclusive jurisdiction of this

2

1 Court.  28 U.S.C. §1338(a).

2     9.    In the State Court Action, Wintrode asserts four "claims" for "declaratory relief" seeking a decree that a patent assignment as reduced to a writing cannot be reformed and that the assignment must be enforced only as written.  (Ex. 1, Complaint, Claims 1 – 4.)

    10.    However, the Complaint, on its face, reveals Wintrode is not a party to nor a beneficiary of the assignment and that Wintrode did not acquire any rights in the assignment for value.  (Ex. 1, Complaint, Exhibit A thereto (Declaration of Thomas Loeff and Ex. 6 thereto).)

    11.    Plaintiff therefore cannot invoke the equitable powers of the Arizona state court to construe the assignment.  <u>Davis v. Kleindienst</u>, 64 Ariz. 251, 258 (1946).  These are no claims at all.

    12.    Plaintiff asserts two additional "claims":  (a) a claim for "unfair competition" and (b) a "civil conspiracy" to commit that "unfair completion" by alleging all defendants have conspired to "restrict" Plaintiff's business by "wrongfully using the court system" by suing Plaintiff for patent infringement in the Patent Infringement Action. (Ex. A, Complaint, paragraphs 2, 3, 90 and 97.)

    13.    Plaintiff alleges that Plaintiff "does not infringe the '337 Patent," and that defendants have damaged Plaintiff's business as a result of conspiring to bring and maintain the currently pending Patent Infringement Action against Plaintiff.  (Ex. A, Complaint, paragraphs 90, 93 and 99.)

    14.    Plaintiff alleges that, as a result of the defendants' allegedly "wrongfully using the courts" Plaintiff has incurred damages of $300,000.00.  (Ex. A., Complaint, paragraphs 93 and 99.)

    15.    Removal to this Court is appropriate because whether Plaintiff may recover damages under its "unfair competition" claims is determined by whether the patent infringement action against it was wrongfully brought and/or maintained against Plaintiff. Whether a patent infringement action is wrongfully brought and/or maintained against a defendant in a patent infringement action is within the original jurisdiction of this court.  35

U.S.C. §285; <u>Octane Fitness, LLC, v Icon Health & Fitness, Inc.</u>, 572 U.S. ___ (2014) ("exceptional" patent infringement case under 35 U.S.C. §285 is one wherein a prevailing defendant establishes that party alleging infringement has brought an "objectively baseless" suit, establishes improper litigation conduct of the party alleging infringement or establishes the party bringing the suit brought the suit in bad faith).

16. Whether a Patent Infringement Action is wrongfully brought cannot be determined without a determination that the alleged infringer, Wintrode, is a "prevailing defendant" in the Patent Infringement Action.

17. Whether or not defendant is a prevailing defendant in a patent infringement action is within the exclusive jurisdiction of this Court.  35 U.S.C. §285; 28 U.S.C. §1338(a).

18. Wintrode seeks as damages for the "unfair competition" here the costs and fees incurred in Patent Infringement Action.  Whether Wintrode may recover its costs and fees incurred in the Patent Infringement Action is within the exclusive jurisdiction of this Court. 35 U.S.C. §285; 28 U.S.C. §1338(a).

19. The state court "unfair competition" claims are joined with and rely upon the above, substantial and related claims that are within the original jurisdiction of this Court, including whether the Patent Infringement Action was wrongfully brought against Wintrode, whether it was wrongfully maintained, whether Wintrode infringed the patent at issue, whether Wintrode is a prevailing defendant in the Patent Infringement Action and whether Wintrode is entitled to recover its fees and costs incurred in the Patent Infringement Action.

20. The "unfair competition" and "civil conspiracy" to commit "unfair competition" claims are therefore within the original jurisdiction of this Court.  28 USC §1338 (b).

21. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a) and (b) and removal of this action to this Court is proper pursuant to 28 U.S.C. §1441 and §1454.

22. All defendants who have been served with the summons and complaint have joined in and filed and served this Notice of Removal.

23. By removing this matter to this Court, Defendants do not waive any available

4

1 defenses, nor do they admit any allegations made in the State Court Action.

2     24.    On the date set forth below, a copy of this notice is being served on Plaintiff's attorney. On the same date, a copy of this notice is being filed with the Clerk of the Arizona State Court, County of Maricopa.

    25.    This Notice of Removal is signed pursuant to Rule 11, Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a) and LRCiv. 3.6(a).

WHEREFORE, all served defendants give notice that the above action is hereby removed in its entirety to this Federal Court, and respectfully request that this action be placed on the docket of this Court for further proceedings as though it had originally been instituted in this Court.

DATED this 2nd day of June, 2014.

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Debora L. Verdier
    Robert B. Zelms
    Debora L. Verdier
    Attorneys for Defendants GunVault, Inc.,
    Thomas Loeff, Sharon Loeff,
    Aaron Baker and Jalyn Baker

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2014, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of the foregoing to the following via U.S. mail:

5

1  Cynthia Albracht-Crogan
2  Cameron G. LaDuke
   Lauren M. Koloseike
3  Cohen Kennedy Dowd & Quigley, P.C.
   2425 E. Camelback Rd., Ste. 1100
4  Phoenix, Arizona  85016
5  Attorneys for Plaintiff

6
7  /s/ Shelly McKellar