**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wintrode Enterprises Incorporated, | No. CV-14-01214-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| PSTL LLC, et al., | |
| Defendants. | |

Defendants GunVault, Inc. ("GunVault"), Thomas and Sharon Loeff, and Aaron and Jalyn Baker have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 11. The Court will deny the motion as moot.[1]

Defendant PSTL, LLC ("PSTL") has filed a motion to join the motion to dismiss filed by Defendants GunVault, Inc., Thomas and Sharon Loeff, and Aaron and Jalyn Baker. Doc. 22. The Court will grant the motion.

Plaintiff Wintrode Enterprises, Inc. ("Wintrode") has filed a motion to remand pursuant to 28 U.S.C. § 1447(c). Doc. 23. The motion is fully briefed. The Court will grant the motion and remand the case to Maricopa County Superior Court.

Defendants GunVault, PSTL, Thomas and Sharon Loeff, and Aaron and Jalyn Baker have filed a motion to transfer. Doc. 24. The Court will deny the motion as moot.

---

[1] The request for oral argument is denied as to all pending motions because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1    Wintrode has filed a motion to stay briefing on and consideration of Defendants' motion to dismiss (Doc. 11) and motion to transfer (Doc. 24). Doc. 25. The Court will grant the motion in part and deny it in part.

**I.     Background.**

Defendant Thomas Loeff owns two entities that are also defendants in this action, PSTL and ASP. Doc. 1-1, ¶ 20. On March 12, 1997, PSTL and ASP entered into an agreement (the "Assignment Agreement") to assign PSTL's interest in U.S. Patent No. 5,161,396 to ASP. *Id*., ¶ 24. The Assignment Agreement did not include any reference to U.S. Patent No. 5,549,337 ("the '337 Patent"). *Id*. No other agreement between PSTL and ASP assigned any interest in the '337 Patent. On November 23, 2004, GunVault agreed to purchase the '337 Patent from Lazy Red Dog, LLC, which is another entity owned by Loeff. *Id*., ¶ 30. Lazy Red Dog, LLC obtained its interest in the '337 Patent from ASP. *Id*., ¶ 32. Wintrode alleges, however, that Lazy Dog, LLC never owned the '337 Patent due to a chain of title error. *Id*., ¶¶ 31-32, 34.

Believing that it owned the '337 Patent, GunVault filed a patent infringement action against Wintrode on August 29, 2012 in the United States District Court for the Central District of California. *Id*., ¶ 35. During the course of discovery, GunVault was unable to produce a complete chain of title for the '337 Patent (*Id*., ¶ 36) and Wintrode filed a motion to dismiss the patent infringement action on the basis that GunVault did not own the '337 Patent (*id*., ¶ 38). GunVault opposed Wintrode's motion, contending that the defect in the chain of title was due to a scrivener's error or, in the alternative, that the defective link in the chain of title could be reformed under Arizona law. *Id*., ¶ 39. In connection with the motion to dismiss, Loeff provided a declaration in which he stated: "If the Court deems it necessary, it should feel free to reform [the Assignment Agreement] to include explicit reference to the assignment of all interest in Patent no. 5,549,337. I have no objection to this." *Id*., ¶ 40. Wintrode replied that GunVault could not meet the standard for reformation of the Assignment Agreement and that any attempt to reform the Assignment Agreement would be an end run around the *nunc pro tunc*

doctrine, which provides that acquiring retroactive ownership of a patent is insufficient to confer standing to sue for patent infringement. *Id*., ¶ 41.

The district court denied Wintrode's motion to dismiss and entered an order staying the patent infringement action for thirty days to permit GunVault to file a separate action in state court to reform the Assignment Agreement. *Id*., ¶ 42. The district court's order stated that if reformation was granted, the district court would then rule on Wintrode's argument that reformation was an end run around the *nunc pro tunc* doctrine. *Id*. On April 3, 2014, GunVault filed a complaint in Orange County Superior Court against PSTL and Loeff for declaratory judgment seeking reformation of the Assignment Agreement between PSTL and ASP. *Id*., ¶ 43.

Wintrode instituted this action in Maricopa County Superior Court on April 14, 2014, to "protect its interests as Arizona, not California, is the proper venue for any determination as to the reformation question." *Id*. Wintrode named PSTL, GunVault, Thomas and Sharon Loeff, and Aaron and Jalyn Baker as defendants. Wintrode's complaint seeks a declaration that reformation of the Assignment Agreement is improper as the statute of limitations bars reformation, the Assignment Agreement did not create a valid assignment, GunVault is not a legitimate successor in interest to the '337 Patent, and GunVault cannot meet its burden of showing that reformation as an available remedy under Arizona law. Wintrode's complaint also asserts state law claims for unfair competition, consumer fraud, and conspiracy. Defendants removed the case to federal court on June 2, 2014.

**II.     Plaintiff's Motion to Stay Briefing and Consideration of Defendants' Motions.**

Wintrode urges the Court to stay briefing and consideration of Defendants' motion to dismiss (Doc. 11) and motion to transfer (Doc. 24) in order to consider jurisdictional arguments raised in Wintrode's motion to remand (Doc. 23). Doc. 25 at 2 (citing *Orient v. Linus Pauling Inst. of Sci. & Med.*, 936 F. Supp. 704, 706 (D. Ariz. 1996) ("Federal subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case . . . . Therefore, a 12(b)(1) motion must be decided before other motions, as they

will become moot if dismissal is granted.")). Defendants argue that there is no good cause to suspend the briefing schedule for its motions. Doc. 26 at 3.

The Court will deny Wintrode's motion in part because Wintrode's request to stay the briefing schedule of Defendants' motions is moot. Defendants' motions have been fully briefed. The Court will grant Wintrode's motion in part, however, and address the threshold issue of jurisdiction first.

**III. Plaintiff's Motion to Remand.**

**A. Legal Standard.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B. Analysis.**

**1. Federal Question Jurisdiction.**

The Court has subject matter jurisdiction over cases involving "federal questions" pursuant to 28 U.S.C. § 1331. With respect to patent claims, federal courts have exclusive jurisdiction over cases "arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Federal Courts also have original jurisdiction over "any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the . . . patent . . . laws." 28 U.S.C. § 1338(b).

- 4 -

The presence or absence a federal question is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc.*, 482 U.S. at 392. "The rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Federal jurisdiction over state law claims will lie, however, if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Wintrode's claims do not arise under federal patent law. Defendants argue that resolution of a federal issue is necessary because Wintrode must prove that it did not infringe the '377 Patent to prevail on its claims. Doc. 32 at 6. The Court does not agree. Wintrode's claims assert violations of state law only and none of the claims depend on the invalidity or Wintrode's non-infringement of the '337 Patent. Instead, the claims require a court to determine whether GunVault *owns* the '337 Patent. Ownership of a patent is typically "determined exclusively under state law." *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1329 (Fed. Cir. 2001) (citing *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997)). As such, no federal issue will necessarily be triggered in resolving Wintrode's claims.

Defendants also argue that Wintrode is attempting to plead around federal patent law, which preempts Wintrode's unfair competition claims. Defendants argue that the unfair competition claim is based on letters sent to customers about the alleged patent infringement, but that a patentholder is entitled to publish its patent in the marketplace. Doc. 32 at 7. While a party may publicize its patent(s) in the marketplace, it may not do so in bad faith. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998), *rev'd on other grounds*, *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999) (en banc) ("[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the

patentholder acted in bad faith."). Wintrode's claims do not seek to impose liability on GunVault for improperly publicizing patents that GunVault owns, but for publicizing rights in a patent it does not own. Doc. 1-1, ¶¶ 90-94. These state claims are not preempted by federal law. *See S3 Graphics Co., Ltd. v. ATI Techs. ULC*, C.A. No. 11-1298-LPS, 2014 WL 573358, at *2 (D. Del. Feb. 11, 2014) (finding no preemption where "Defendants have falsely and in bad faith 'laid claim to patents they do not own'").

Defendants argue that Wintrode's complaint injects the *nunc pro tunc* doctrine into this case. It does not. The complaint mentions the doctrine only as part of its background section, making clear that application of the doctrine is a question reserved for decision by the federal district court in California. *See* Doc. 1-1, ¶¶ 41-42.

Defendants also argue that "Wintrode's only explicitly recited item of damage" are attorneys' fees incurred in defending against GunVault's patent infringement action. Doc. 32 at 6. Because the determination of Wintrode's entitlement to attorneys' fees incurred in defense of GunVault's patent infringement lawsuit is an issue of patent law, *see Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1263 (Fed. Cir. 1995), Defendants argue that the *Grable* test is satisfied. Doc. 32 at 6. But Wintrode's prayer for relief does not specifically include a request for the attorneys' fees incurred to defend against GunVault's patent infringement action, nor do other portions of the complaint allege an entitlement to such fees. *See* Doc. 1-1, at 19, ¶¶ A-J.

Because the first *Grable* factor is not satisfied, the Court concludes that federal question jurisdiction over Wintrode's state law claims does not lie.

### 2. Improper Removal of Diversity Action.

Wintrode argues that Defendants cannot remove the case to this Court on diversity grounds because Defendants PSTL, Thomas Loeff, and Sharon Loeff are citizens of Arizona, the state in which Wintrode commenced this action. Doc. 1-1, ¶¶ 7-8; Doc. 23 at 11. The Court agrees. *See* 28 U.S.C. § 1441(b)(2).

### C. Conclusion.

Because the Court concludes above that it lacks federal question and diversity

jurisdiction, it will grant Wintrode's motion to remand and deny the remaining motions as moot.

**IT IS ORDERED**:

1. Defendants' motion to dismiss (Doc. 11) is **denied** as moot.
2. Defendant PSTL, LLC's motion to join (Doc. 22) is **granted**.
3. Plaintiff's motion to remand (Doc. 23) is **granted**.
4. Defendants' motion to transfer (Doc. 24) is **denied** as moot.
5. Plaintiff's motion to stay briefing on and consideration of Defendants' motions (Doc. 25) is **granted in part** and **denied in part**.
6. The Rule 16 Case Management Conference scheduled for August 26, 2014 at 4:00 p.m. is **vacated.**
7. The Clerk shall remand this case to Maricopa County Superior Court.

Dated this 25th day of August, 2014.

_____
David G. Campbell
United States District Judge